IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SINDY STAAS,

       Plaintiff,

vs.                                                                                         No. CIV-04-1386 MV/RLP

VILLAGE OF RUIDOSO; a municipal corporation,
Mayor E. LEON EGGLESTON; MICHELE P. REBSTOCK;
RONALD D. HARDEMAN; DONALD A. WILLIAMS;
DEBORAH MARCUM-BYARS; LONNIE RAY NUNLEY;
ANGEL CHERIE SHAW in their capacity as the governing board
of the Village of Ruidoso and Village Manager LORI McKNIGHT,
individually and in her official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. No. 3, filed January 25, 2005). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the Court shall **DENY** Defendants' Motion. Plaintiff shall have thirty (30) days from the date of entry of this Order to amend her Amended Complaint.

**Legal Standard**

A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Federal Rules of Civil Procedure do not require claimant to set out in detail the facts upon which she bases her claim.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  However, dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduce at trial) (*quoting* 3 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1216 at 156-159).

**Factual Allegations**

This case arises out of the termination of Plaintiff's employment by Defendant Village of Ruidoso.  (Amended Compl. at ¶¶ 5, 13-14, Doc. No. 2, filed December 28, 2004).  The facts alleged in the Amended Complaint are as follows.  Plaintiff, after being convicted of a felony and released on parole, and after fully disclosing her prior conviction, was hired by Defendant Village of Ruidoso.  (*Id*. at ¶¶ 8, 11 and 14).  Prior to Plaintiff's termination, Defendant Eggleston, the Mayor of the Village, received an anonymous complaint about Plaintiff's employment because of her prior criminal record.  (*Id* at ¶ 16).  After being advised of the anonymous complaint, Defendant McKnight, the Village Manager, set up Plaintiff's termination despite having actual knowledge of the Village's practice of hiring ex-offenders and the present employment of ex-offenders.  (*Id*. at ¶¶ 17-19).

**Count I - Equal Protection Violation**

Count I of the Amended Complaint alleges that Defendants violated Plaintiff's right to equal protection by terminating her employment based upon her prior conviction.  (Doc. No. 2, filed December 28, 2004, ¶ 23).  Plaintiff alleges that Defendants had no rational basis to terminate Plaintiff when other persons similarly situated by virtue of their status as ex-offenders continue to be employed by Defendant Village of Ruidoso.  (*Id*. at ¶ 25).

An equal protection claim may be brought by a "class of one, where the plaintiff alleges that she

has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "To succeed on such an equal protection claim, the [plaintiff] must prove that they were singled out for persecution due to some animosity, meaning that the actions of [the defendant] were a spiteful effort to get [the plaintiff] for reasons wholly unrelated to any legitimate state activity." *Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836, 849 (10th Cir. 2005) (quotations omitted) (quoting *Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001)).

Defendants move the Court to dismiss Plaintiff's Equal Protection claim on the grounds that she did not allege any facts showing (1) that the actions of Defendants were a spiteful effort to get her, or (2) that Defendants intentionally or purposefully discriminated against her. (Doc. No. 3, filed January 25, 2005, ¶ 2). Plaintiff argues that her Amended Complaint satisfies the requirements of Fed. R. Civ. P. 8 and 12 because it gives Defendants fair notice of what her claim is and the grounds upon which it rests. (Doc. No. 5, filed February 8, 2005, ¶ 1). Plaintiff does not dispute the elements of an Equal Protection claim identified in the previous paragraph.

Plaintiff has sufficiently alleged that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. She alleges that Defendants terminated her employment because of her prior conviction and that there was no rational basis to do so because other persons with prior convictions continue to be employed by Defendant Village of Ruidoso. (Amended Compl. ¶¶ 14, 16-19, 23, 25).

However, Plaintiff's Amended Complaint contains neither direct allegations nor allegations from which an inference fairly may be drawn that Defendants singled her out for persecution due to some animosity or that Defendants' actions were a spiteful effort to get Plaintiff for reasons wholly unrelated to any legitimate state activity. Therefore, Plaintiff's Amended Complaint does not give

3

Defendants fair notice of the basis of her Equal Protection claim.

**Count II - Wrongful Termination**

Count II alleges that Defendants wrongfully terminated Plaintiff in violation of the public policy in the New Mexico Criminal Offender Re-Employment Act that ex-felons not be discriminated against in conditions of employment strictly on their legal status. (Amended Compl. at ¶¶ 33-35). Defendants argue that an action for violation of public policy lies in tort and that they are protected by the New Mexico Tort Claims Act which does not waive sovereign immunity for wrongful termination. (Doc. No. 4, filed January 25, 2005, at 8-9).

Paragraph 32 of Count II states "This count is authorized under the statutory and common law of New Mexico." Count II makes no reference to a federal law basis for the claim. (Amended Compl. at ¶¶ 31-37). However, Plaintiff's Response and her Memorandum in Support of her Response both suggest that Count II is based on federal law. Plaintiff's Response states "Violations of the policy constitutes [sic] an independent basis for a claim under 42 U.S.C. § 1983 irrespective of the New Mexico Tort Claims Act." (Doc. No. 5, filed February 8, 2005, ¶ 2). Plaintiff's Memorandum in Support of her Response discusses municipal liability under 42 U.S.C. § 1983 where conduct pursuant to a policy causes injury. (Doc. No. 6, filed February 8, 2005, at 8-9). If Plaintiff intends to prosecute Count II under 42 U.S.C. § 1983, she must amend her Complaint to adequately set forth such a claim and give Defendants fair notice of its basis. Because it is not clear to the Court whether Plaintiff seeks to prosecute Count II under state law or federal law, or both, and because it is granting Plaintiff leave to amend her Complaint, the Court will not address Defendants' sovereign immunity argument at this time.

**Count III - Failure to Produce Public Records**

The third and final count of the Amended Complaint alleges Defendant Village of Ruidoso

failed to produce public records as required by the New Mexico Inspection of Public Records Act. (Amended Compl. at ¶¶ 39-42). Defendants argue that if the Court dismisses Counts I and II, then the Court should not choose to exercise supplemental jurisdiction over Count III. Because it is granting Plaintiff leave to amend Counts I and II, the Court will, at this time, deny Defendants' request to dismiss Count III.

**Conclusion**

The Court will deny Defendants' Motion to dismiss Plaintiff's claims. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Accordingly, Plaintiff shall have thirty (30) days from entry of this Order to amend her Amended Complaint. *See* Fed. R. Civ. P. 15 (a) (leave to amend shall be freely given when justice so requires).

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**